IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.  ) | Criminal No. 09-348 |
| ) | [UNDER SEAL] |
| SHANE HENNEN ) | |
| ANTHONY FRANELL ) | |
| DENNIS CERCONE ) | |
| JAMES CERCONE ) | |
| ANTHONY CERCONE ) | |
| a/k/a Chick ) | |

**FILED**

FEB 2 3 2010

CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

## SUPERSEDING INDICTMENT MEMORANDUM

AND NOW comes the United States of America, by its attorneys, Robert S. Cessar, Acting United States Attorney for the Western District of Pennsylvania, and Barbara K. Swartz, Assistant United States Attorney for said District, and submits this Superseding Indictment Memorandum to the Court:

### I.  THE SUPERSEDING INDICTMENT

A Federal Grand Jury returned a six-count Superseding Indictment against the above-named defendants for alleged violations of federal law:

| COUNT | OFFENSE/DATE | TITLE/SECTION | DEFENDANTS CHARGED |
|---|---|---|---|
| 1, 3, 4 and 5 | Possession with intent to distribute and distribution of less than 500 grams of a mixture and substance containing a detectable amount of cocaine<br>On or about December 2, 2009.<br>(Count 1)<br>On or about February 11, 2009.<br>(Count 3)<br>On or about April 22, 2009.<br>(Count 4)<br>On or about October 20, 2009.<br>(Count 5) | 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) | Shane Hennen (Count 1)<br><br>Dennis Cercone (Count 1)<br><br>Anthony Cercone, a/k/a Chick (Counts 3 and 5)<br><br>James Cercone (Counts 1 and 4) |
| 2 | Possession with intent to distribute less than 500 grams of a mixture and substance containing a detectable amount of cocaine<br>On or about December 2, 2009. | 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) | Anthony Franell |
| 6 | Conspiracy to possess with intent to distribute and distribute 5 kilograms or more of a mixture and substance containing a detectable amount of cocaine<br>From in and around March 2009, and continuing thereafter to in and around January 2010. | 21 U.S.C. § 846 | Shane Hennen<br><br>Dennis Cercone<br><br>James Cercone<br><br>Anthony Cercone, a/k/a Chick |

2

## II.  ELEMENTS OF THE OFFENSE

A.  As to Counts 1, 2, 3, 4 and 5:

In order for the crime of possession with intent to distribute and distribution of less than 500 grams of a mixture and substance containing a detectable amount of cocaine, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. That on or about the dates set forth, the defendants distributed and/or possessed with intent to distribute the controlled substance charged in the superseding indictment.

> United States v. Lartey, 716 F.2d 955, 967 (2d Cir. 1983); United States v. Wright, 593 F.2d 105, 107-108 (9th Cir. 1979); United States v. Tighe, 551 F.2d 18, 21 (3d Cir.), cert. denied, 434 U.S. 823 (1977).

2. That the defendants did so knowingly and intentionally.

> United States v. Jewell, 532 F.2d 697, 699-700 (9th Cir.), cert. denied, 426 U.S. 951 (1976); United States v. Kairouz, 751 F.2d 467, 469 (1st Cir. 1985).

3. That cocaine is a Schedule II controlled substance, pursuant to 21 U.S.C. § 812(c), Schedule II(a)(4).

B.  As to Count 6:

In order for the crime of conspiracy to possess with intent to distribute and distribution of 5 kilograms or more of a mixture and substance containing a detectable amount of cocaine, in

3

violation of Title 21, United States Code, Section 846, to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. That two or more persons came to a mutual understanding or agreement to try to accomplish a common and unlawful plan to distribute and/or possess with intent to distribute the controlled substance charged in the superseding indictment.

> United States v. Boyd, 595 F.2d 120 (3d Cir. 1978); United States v. Garcia, 655 F.2d 59, 62 (5th Cir. 1981); United States v. Allen, 613 F.2d 1248, 1253 (3d Cir. 1980).

2. That the defendants knowingly and willfully became members of such conspiracy.

> United States v. Adams, 759 F.2d 1099, 1114 (3d Cir.), cert. denied, 474 U.S. 906 (1985); United States v. Bodolato, 701 F.2d 915, 921-22 (11th Cir. 1983).

3. That cocaine is a Schedule II controlled substance, pursuant to 21 U.S.C. § 812(c), Schedule II(a)(4).

4. That the conspiracy had the specific unlawful purpose of distributing and/or possessing with intent to distribute 5 kilograms or more of cocaine. 21 U.S.C. § 841(b)(1)(A)(ii).

> Apprendi v. New Jersey, 530 U.S. 466 (2000).

### III. PENALTIES

A. As to Counts 1, 2, 3, 4 and 5: Possession with intent to distribute and/or distribution of less than 500 grams of

4

a mixture and substance containing a detectable amount of cocaine (21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C)):

   1.   A term of imprisonment of not more than twenty (20) years.

   2.   A fine not to exceed $1,000,000.

   3.   A term of supervised release of at least three (3) years.

For a second or subsequent felony drug conviction that is final, whether federal, state, or foreign:

   1.   A term of imprisonment of not more than thirty (30) years.

   2.   A fine not to exceed $2,000,000.

   3.   A term of supervised release of at least six (6) years.


   A.   As to Count 6: Conspiracy to possess with intent to distribute and distribute 5 kilograms or more of a mixture and substance containing a detectable amount of cocaine (21 U.S.C. § 846):

   1.   A term of imprisonment of not less than ten (10) years to a maximum of life.

   2.   A fine not to exceed $4,000,000.

   3.   A term of supervised release of at least five (5) years.

For a second felony drug conviction that is final, whether federal, state, or foreign:

5

1. A term of imprisonment of not less than twenty (20) years to a maximum of life.

2. A fine not to exceed $8,000,000.

3. A term of supervised release of at least ten (10) years.

For a third or subsequent felony drug conviction that is final, whether federal, state, or foreign:

1. A mandatory sentence of life imprisonment.

2. A fine not to exceed $8,000,000.

### IV. MANDATORY SPECIAL ASSESSMENT

A mandatory special assessment of $100.00 must be imposed at each count upon which the defendants are convicted, pursuant to 18 U.S.C. § 3013.

### V. RESTITUTION

Not applicable in this case.

### VI. FORFEITURE

Not applicable in this case.

Respectfully submitted,

ROBERT S. CESSAR
Acting United States Attorney

BARBARA K. SWARTZ
Assistant U.S. Attorney
PA ID No. 204338

6